NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                    :
CURTIS A. DUKES., ET ALS,           :
                                    :
       Plaintiff,                   :
                                    :   Civil Action No. 08-4948 (JAG)
       v.                           :
                                    :   OPINION
LANCER INSURANCE CO., ET ALS,       :
                                    :
       Defendant.                   :
_____ :

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on the motion (Docket Entry No. 31) filed by defendant, Lancer Insurance Co. ("Defendant" or "Lancer"),[1] seeking to dismiss plaintiff Curtis A. Dukes's ("Plaintiff") complaint,[2] pursuant to FED. R. CIV. P. 12(b)(6).[3] For the reasons set

---

[1] Although only naming one defendant – Lancer Insurance – in the complaint, Plaintiff refers to this single entity as "Lancer Insurance Co., Inc. et als." This Court will refer to the defendant in the singular.

[2] Although the motion refers to dismissing the complaint, the memorandum and certification of counsel both reference the amended complaint. As such, this Court will construe the motion as one to dismiss the amended complaint. Additionally, this Court notes that, as a general matter, once an amended complaint is filed, that document replaces all prior complaints. Snyder v. Pascack Valley Hospital, 303 F.3d 271, 276 (3d Cir. 2002) ("An amended complaint supercedes the original version in providing the blueprint for the future course of a lawsuit."). However, since Plaintiff is proceeding pro se, this Court must construe his submissions broadly. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). Here, it appears that Plaintiff intended to supplement his original complaint with information provided in his amended complaint. That is, Plaintiff's amended complaint simply adds four counts to his original complaint, without repeating any of the original counts from the complaint. Therefore, construing the relationship between these two documents broadly, this Court will treat the amended complaint as supplementing, rather than replacing, the original complaint. As a result, the two complaints will be considered together.

[3] Defendant argues that Plaintiff's complaint is barred by res judicata, collateral estoppel, and the entire controversy doctrine. In addition, Defendant argues that the complaint should be dismissed for lack of subject matter jurisdiction. Although motions to dismiss based on lack of

forth below, this Court lacks subject matter jurisdiction over Plaintiff's complaint. Therefore, the complaint will be dismissed, with prejudice.

## I. FACTUAL BACKGROUND

Plaintiff, owner of Dukes Coach Lines, Inc., received notification from Lancer on or about October 5, 2005 that the insurance policy covering the business would be cancelled in 30 days. (Compl. ¶ 7.) Plaintiff states that he had renewed the policy to run from March 28, 2005 to March 28, 2006 for a premium of $14,700.60 for the year. (Id. at ¶¶ 8-9.) On the renewal application, Plaintiff indicated that there were no changes to the policy. (Id. at ¶ 8.) In addition to Plaintiff, Plaintiff's company employed two drivers, Rick Mack and Richard Rivers, both of whom were covered by the insurance policy. (Id.) Plaintiff's license was restricted, and he was not authorized to work for any school board in New Jersey, but neither of his employees had any such restriction. (Id. at ¶ 7.) Plaintiff contends that the cancellation of this insurance policy caused Dukes Coach Lines, Inc. to go out of business. (Id. at ¶ 11.)

On April 19, 2006, Plaintiff filed a lawsuit in New Jersey Superior Court, Essex County, alleging that the cancellation of the policy was arbitrary and caused him to suffer loss of business. (Superior Court Compl., Docket No. L-003338-06, attached as Ex. F to Def.'s Mem. of Law in Support of Mot. to Dismiss [hereinafter "Ex. F"] 1.)[4] All of Plaintiff's claims in that

---

subject matter jurisdiction should be brought pursuant to FED. R. CIV. P. 12(b)(1), the failure to cite the correct rule is not material to this Court's analysis.

   [4] In reviewing a motion to dismiss, pursuant to Rule 12(b)(6), a court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record. Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998); see also 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure: Civil 3d § 1357 (3d ed. 2007). However, in determining whether this Court has subject matter jurisdiction over a matter, this Court can look to matters outside of the complaint. See, e.g., Berardi v. Swanson Memorial Lodge No. 48 of the Fraternal Order of Police, 920 F.2d 198, 200 (3d Cir. 1990).

matter were state law claims, including fraud, misrepresentation, and contract claims. (Id. at ¶¶ 4-6.) On March 13, 2007, Superior Court Judge Verna G. Leath granted Lancer's motion for summary judgment, holding that Lancer was "entitled to cancel the insurance policy" due to a material misrepresentation on Plaintiff's renewal application. (Tr. of Decision of Hon. Verna G. Leath, attached as Ex. I to Def.'s Mem. of Law in Support of Mot. to Dismiss [hereinafter "Ex. I"] 11:19-12:8.) Further, the Superior Court held that Lancer followed the statutory and regulatory provisions for cancelling the insurance policy. (Id. at 12:6-8.)

On July 22, 2008, Plaintiff initiated a federal suit seeking money damages in the amount of $150,000,000.00, alleging civil rights claims arising out of the same cancellation of his insurance policy. (Civil Action No. 08-3648 (SRC), attached as Ex. A to Def.'s Mem. of Law in Support of Mot. to Dismiss [hereinafter "Ex. A"].) In that complaint, Plaintiff alleged that Defendant engaged in disparate treatment of small and minority-owned businesses. (Id.) On August 27, 2008, Judge Stanley R. Chesler of the District of New Jersey dismissed Plaintiff's complaint, without prejudice, for lack of subject matter jurisdiction. (Order, attached as Ex. C to Def.'s Mem. of Law in Support of Mot. to Dismiss [hereinafter "Ex. C"].)[5]

Plaintiff filed the present case on October 22, 2008, alleging numerous claims, both

---

[5] Arguably, the case pending before this Court was intended as an amendment to the case filed before Judge Chesler. In fact, Plaintiff commented that "[i]n accordance with the Order of Judge Chesler Plaintiff filed, modified, supplement[ed] his complaint to comply with his Order at docket number 2:08-cv-03648." (Notice of Mot. for Order to Show Cause 6.) Additionally, Plaintiff noted that, in response to Judge Chesler's dismissal without prejudice, "Plaintiff cured said defects and resubmitted his complaint docket number 02:08-cv-04948." (Mem. of Judicial Notice to the Hon. Joseph A. Greenaway, Jr., U.S.D.J. for the Recusal of the Hon. Madeline Cox Arleo, United States Magistrate Judge, Because of the Appearance of Impropriety, Abuse of Discretion, Pro Se Bias, Acting as the Advocate for the Defendants 10.) In fact, Plaintiff stated that "[b]ecause of my pro se status Judge Chesler gave this pro se litigant, Curtis A. Dukes, the right to file a new complaint with a new docket number. (Id. at 13.) Despite Plaintiff's intention that the present complaint serve as an amendment to his original case, when Plaintiff filed the present complaint, the Clerk's Office opened a new case.

federal and state, all arising out of the same insurance policy at issue in the previous state action. Plaintiff alleges that[6]

> The Jurisdiction of this forum is predicated upon violations of the Plaintiff's Civil and Constitutional Rights, under color of law pursuant to New Jersey Law Against Discrimination N.J.S.A. 10:5-1 to 49 et seq., and the Civil Rights Act of 1991, Intentional Overt Discrimination, Retaliation in violation of the New Jersey Law Against Discrimination Disparate Treatment, and Title VII [28] U.S.C. [§§] 2000e-5(g), 2000e-3(a) Opposition Clause 2000e-2 Disqualification [collectively, "Title VII"] Title VII 42 U.S.C. § 2000e-3(a) opposed activity, Plaintiff is also alleging violations of Title 42 U.S.C. § 1981, the U.S. Constitution and the Constitution of New Jersey, Fraud & Misrepresentation, Breach of Contract and/or Promissory Estoppel, Negligence, Negligence on the part of Lancer Insurance Company, the insurer, Intentional Infliction of Emotional Distress as a result of said discriminatory animus as well as other common law and torts which this court has pendent jurisdiction over the state law claims. Venue is proper in the United States District Court for the District of New Jersey the acts of the Defendants has infringe[d] on this Plaintiff's Civil and Constitutional Rights under 42 U.S.C. § 1983 ("§1983"), Fourteenth Amendment, equal protection of the law, due process, First Amendment, Forth Amendment, Defendants also violated U.S. Department of Transportation Federal Highway Administration CFR Title-49 Part 383 Subpart-A (383.1) et seq., the Covenant of Good Faith and Fair Dealings, Uniform Commercial Code, as codified in New Jersey N.J.S.A. 12A:2-103(1)(b) et seq.

(Compl. ¶ 4.) Plaintiff also alleges negligent hiring (id. at ¶ 25), mental distress (id. at ¶ 40), negligent misrepresentation (id. at ¶ 47), and violations of 42 U.S.C. § 1982 (Am. Compl. ¶ 18). Plaintiff's claims center on his contention that the insurance policy was cancelled because he is African-American, and that it would not have been cancelled if he were Caucasian. (Compl. ¶ 12.) Plaintiff asks for a lump sum of $150 million, claiming compensatory, consequential and punitive damages, as well as attorney's fees[7] and costs. (Id. at p. 43.)

On December 4, 2008, Magistrate Judge Madeline Cox Arleo ordered Plaintiff to join the

---

[6] Irregularities in capitalization, spelling, and punctuation are in the original.

[7] Plaintiff is pro se, and not represented by an attorney. As a result, he is not entitled to recovery for attorney's fees. Cf. Kay v. Ehrler, 499 U.S. 432 (1991) (attorney who represents himself is not entitled to statutory attorney's fees).

corporate entity, Dukes Coach Lines, Inc., as an additional plaintiff, by January 2, 2009 as the real party in interest, and retain counsel.  (Docket Entry No. 9.)[8]  On December 15, 2008, Plaintiff filed a motion for sanctions against opposing counsel.  (Docket Entry No. 18.)[9]  On January 30, 2009, Plaintiff filed a motion for an "Order to Show Cause why the Defendant's Motion To Dismiss . . . is improperly before this Court [and] should be denied as a matter of law."  (Docket Entry No. 35.)  Essentially, this motion is an opposition to the motion to dismiss, as well as a brief in support of Plaintiff's motion seeking the recusal of Magistrate Judge Arleo.[10]  On May 20, 2009, Plaintiff filed a "Motion to Hear Pending Motions."  (Docket Entry No. 44).  On August 10, 2009, Plaintiff renewed his motion seeking the recusal of Magistrate Judge Arleo.  (Docket Entry No. 47.)

## II. SUBJECT MATTER JURISDICTION

In the motion to dismiss, Defendant argues that this Court lacks subject matter jurisdiction due to Plaintiff's failure to articulate a federal question.  This Court agrees that it lacks subject matter jurisdiction, but bases that conclusion on a different principle.  That is, this Court concludes that, based on the Rooker-Feldman doctrine,[11] subject matter jurisdiction is

---

[8] This Court notes that Plaintiff stands in violation of Judge Arleo's order to join the corporate entity in this action.  This does not impact this Court's decision, however, because Plaintiff was a party to the previous state action, and therefore is also bound by the outcome determined here.

[9] Since this Court lacks subject matter jurisdiction over the complaint, it lacks the authority to decide any of the pending motions.  Steel Valley Authority v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987) ("[T]he lack of subject matter jurisdiction voids any decree entered in a federal court and the continuation of litigation in a federal court without jurisdiction would be futile.").

[10] Judge Arleo denied the motion for recusal on July 30, 2009.

[11] The Rooker-Feldman doctrine arose from two cases decided by the Supreme Court of the United States – Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923) and D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983).

5

lacking in this case.

Although neither party raised the applicability of the Rooker-Feldman doctrine, this Court has an independent obligation to satisfy itself that it has subject matter jurisdiction. See FED. R. CIV. P. 12(h)(3); Bradgate Assocs., Inc. v. Fellows, Read & Assoc., Inc., 999 F.2d 745, 751 (3d Cir. 1993) ("[L]ack of subject matter jurisdiction terminates a case originally filed in federal court because Rule 12(h)(3) instructs the district court to dismiss cases which do not meet jurisdictional prerequisites."); Joyce v. United States, 474 F.2d 215, 219 (3d Cir. 1973) ("Where there is no jurisdiction over the subject matter, there is, as well, no discretion to ignore that lack of jurisdiction.").

The requirement to ensure that subject matter jurisdiction exists does not give this Court limitless authority to act on its own initiative. In fact, the Third Circuit has instructed district courts to allow the parties to address the question of subject matter jurisdiction before sua sponte dismissing a complaint. Neiderhiser v. Borough of Berwick, 840 F.2d 213, 216 n.6 (3d Cir. 1988) ("While the district court's consideration of the jurisdictional issue sua sponte was proper, the court did not afford the parties the opportunity to brief or present evidence on this issue. We find this lack of opportunity to be heard to be improper. The court below should have allowed [plaintiff] sufficient time to present evidence or otherwise respond on the issue of jurisdiction before it determined that none existed."). However, this notice requirement is apparently not mandatory since the Third Circuit affirmed the sua sponte dismissal of a case, pursuant to FED. R. CIV. P. 12(h)(3), due to lack of subject matter jurisdiction when the claims asserted were barred by the Rooker-Feldman doctrine. Untracht v. Weimann, 141 F. App'x 46 (3d Cir. 2005).

Even if this Court were required to provide Plaintiff with an opportunity to comment on the question of subject matter jurisdiction, Plaintiff has already had that opportunity. Here,

6

Defendant raised the question of subject matter jurisdiction in its motion to dismiss, and Plaintiff had ample opportunity to respond. For example, Plaintiff noted that he had raised a federal claim of discrimination, and then continued with a discussion of the burden-shifting analysis required in addressing a discrimination claim.[12] (Mem. in Support of Pl.'s Notice of Mot. for Order to Show Cause Why the Def.'s Mot. to Dismiss is Improperly Before this Court – Why Pl.'s Discovery is Held in Abeyance – the Court's Failure to Investigate Allegations of Fraud upon the Court and Plaintiff's Mot. for Recusal of the Hon. Madeline Cox [Arleo], U.S.M..J. [hereinafter "Mot. to Show Cause Mem."] ¶ 20.) While Defendant's argument was based on a different legal theory – the failure to articulate a federal question – rather than the Rooker-Feldman doctrine upon which this Court relies, the essential facts required to demonstrate subject matter jurisdiction are the same. That is, the insurance policy issued, and then cancelled, by Defendant forms the basis of Plaintiff's current case.

Plaintiff acknowledges that the propriety of the cancellation was adjudicated previously by the Superior Court, but argues before this Court that that decision was erroneous. Plaintiff further argues that the case pending before this Court raises legal theories that were not brought before the Superior Court, apparently due to the ineffectiveness of Plaintiff's counsel. (Mot. to Show Cause Mem. ¶ 8.) Clearly, Plaintiff not only had notice that subject matter jurisdiction was at issue, but also had the opportunity to respond.

---

[12] Although Plaintiff cites employment discrimination cases in his discussion, a similar burden-shifting analysis is used for all discrimination cases. This Court notes that Defendant's implication that discrimination only exists in the employment context is misplaced. (Def.'s Mem. of Law in Support of Mot. to Dismiss 10.) While Plaintiff was never Defendant's employee, that does not prevent Plaintiff from bringing a claim for discrimination on other grounds.

### III. ROOKER-FELDMAN DOCTRINE

This Court concludes that the case must be dismissed since this Court lacks subject matter jurisdiction over the complaint, pursuant to the Rooker-Feldman doctrine. See D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923). "The Rooker-Feldman doctrine deprives a federal district court of jurisdiction in some circumstances to review a state court adjudication." Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 547 (3d Cir. 2006). Generally, "'[u]nder the Rooker-Feldman doctrine, lower federal courts cannot entertain constitutional claims that have been previously adjudicated in state court or that are inextricably intertwined with a state adjudication.'" Whiteford v. Reed, 155 F.3d 671, 673-74 (3d Cir. 1998) (quoting Gulla v. N. Strabane Twp., 146 F.3d 168, 170 (3d Cir. 1998)). The Rooker-Feldman doctrine thus "'precludes a federal action if the relief requested in the federal action would effectively reverse the state decision or void its ruling.'" Id. (quoting FOCUS v. Allegheny County Ct. of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996)).

In Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005), the Supreme Court of the United States clarified the scope of Rooker-Feldman, making clear that the doctrine deprives a district court of subject matter jurisdiction only in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."

In his hundreds of pages of submissions, Plaintiff, on one occasion, states that "[t]he attorneys for the Defendants seem to believe that the current lawsuit is a thinly veiled attempt to have this Court revisit a previously litigated and decided issue. **Nothing could be further from**

**the truth.**" (Cert. in Support of Mot. for Sanctions 3 (emphasis in original).) This single assertion notwithstanding, the basis of Plaintiff's complaint is his dissatisfaction with the outcome of his case in the Superior Court. Every allegation in the complaint revolves around Plaintiff's belief that the insurance policy was wrongly cancelled, and that Defendant acted improperly. The Superior Court has already concluded that Defendant "was entitled to cancel the insurance policy [because] [P]laintiff failed to disclose, at the time of renewing the last application, that a large portion of its business with – was with schools or school age passengers. [Disclosure of this fact] created a sub – substantial and material change in the risk assumed, which could not have been reasonably contemplated by the parties at the time of the assumption of risk. In addition, [D]efendant followed the statutory and regulatory provisions for cancelling the insurance policy." (Ex. I at 11:20-12:8.) This decision resolves all of Plaintiff's current claims arising from cancellation of the insurance contract.

The only claim that is not directly addressed by the Superior Court's decision is Plaintiff's claim of discrimination. Even Plaintiff's allegations of discrimination would require this Court to overturn the decision of the Superior Court.[13] That is, in order for Plaintiff to prevail on his discrimination claims, Plaintiff would have to allege a prima facie case of discrimination. See, e.g., Makky v. Chertoff, 541 F.3d 205, 214 (3d Cir. 2008). Plaintiff does allege that Defendant treated his minority-owned business differently from businesses owned by Caucasians.[14] Defendant would then need to offer a legitimate non-discriminatory business

---

[13] Since this Court lacks subject matter jurisdiction over the case, this Court does not reach the merits of Plaintiff's discrimination claims. However, this Court must consider the McDonnell-Douglas burden-shifting paradigm in order to analyze the question of subject matter jurisdiction.

[14] Plaintiff argues that he requires extensive discovery in order to gather evidence in support of his claim of discrimination. (See, e.g., Mot. to Show Cause Mem. ¶¶ 21-24.) Even if

9

reason for its cancellation of the policy.  Defendant has already presented its legitimate business reason to the Superior Court.  Therefore, in order to rule in Plaintiff's favor, this Court would have to conclude that the Superior Court erred when it decided the insurance policy was cancelled due to Plaintiff's material misrepresentation.  Since the Rooker-Feldman doctrine "'precludes a federal action if the relief requested in the federal action would effectively reverse the state decision or void its ruling,'" Whiteford, 155 F.3d at 673-74 (quoting FOCUS, 75 F.3d at 840), that doctrine divests this Court of subject matter jurisdiction over Plaintiff's complaint.

### IV.  CONCLUSION

This Court lacks subject matter jurisdiction over the complaint due to the Rooker-Feldman doctrine.  The complaint must be dismissed, with prejudice.

    S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Date: September 24, 2009

---

Plaintiff were to uncover evidence of disparate treatment, this Court lacks authority to overturn the decision of the Superior Court that concluded Defendant was entitled to cancel the insurance policy.  Only an appellate court of the state of New Jersey has jurisdictional authority to review the decision of the Superior Court.  See Verizon Md., Inc. v. Pub. Serv. Comm'n of Md., 535 U.S. 635, 644 n.3 (2002) ("The Rooker-Feldman doctrine merely recognizes that 28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments, which Congress has reserved to this Court, see [28 U.S.C.] § 1257(a).")