**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CURTIS A. DUKES, ET ALS, : | |
| : | |
| Plaintiff, : | |
| : | Civil Action No. 08-4948 (JAG) |
| v. : | |
| : | **ORDER** |
| LANCER INSURANCE CO., ET ALS, : | |
| : | |
| Defendant. : | |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on the motion (Docket Entry No. 56) filed by plaintiff, Curtis A. Dukes ("Plaintiff"), seeking reconsideration, pursuant to FED R. CIV. P. 60(b), of this Court's decision granting the motion filed by defendant, Lancer Insurance Co. ("Defendant"),[1] to dismiss the amended complaint. For the reasons set forth below, this motion will be denied.

On April 19, 2006, Plaintiff filed a lawsuit in New Jersey Superior Court, Essex County. The law suit alleges that the cancellation of an insurance policy Plaintiff's company had with Defendant was arbitrary and caused him to suffer loss of business. (Superior Court Compl., Docket No. L-003338-06, attached as Ex. F to Def.'s Mem. of Law in Support of Mot. to Dismiss [hereinafter "Ex. F"] 1.) All of Plaintiff's claims in that matter were state law claims, including fraud, misrepresentation, and contract claims. (Id. at ¶¶ 4-6.)

---

[1] Although only naming one defendant – Lancer Insurance – in the complaint, Plaintiff refers to this single entity as "Lancer Insurance Co., Inc. et als." This Court will refer to the defendant in the singular. Similarly, Plaintiff refers to himself as "Curtis A. Dukes, et als." This Court will refer to him in the singular.

On March 13, 2007, Superior Court Judge Verna G. Leath granted Defendant's motion for summary judgment, holding that Lancer was "entitled to cancel the insurance policy" due to a material misrepresentation on Plaintiff's renewal application. (Tr. of Decision of Hon. Verna G. Leath, attached as Ex. I to Def.'s Mem. of Law in Support of Mot. to Dismiss [hereinafter "Ex. I"] 11:19-12:8.) Further, the Superior Court held that Lancer properly followed the statutory and regulatory provisions for cancelling the insurance policy. (Id. at 12:6-8.)

On July 22, 2008, Plaintiff initiated a federal suit seeking money damages in the amount of $150,000,000.00, alleging civil rights claims arising out of the same cancellation of his insurance policy. (Civil Action No. 08-3648 (SRC), attached as Ex. A to Def.'s Mem. of Law in Support of Mot. to Dismiss [hereinafter "Ex. A"].) In that complaint, Plaintiff alleged that Defendant engaged in disparate treatment of small and minority-owned businesses. (Id.) On August 27, 2008, Judge Stanley R. Chesler of the District of New Jersey dismissed Plaintiff's complaint, without prejudice, for lack of subject matter jurisdiction. (Order, attached as Ex. C to Def.'s Mem. of Law in Support of Mot. to Dismiss [hereinafter "Ex. C"].)

On October 22, 2008, Plaintiff filed a complaint in federal court alleging numerous claims, both federal and state, all arising out of the same insurance policy at issue in the previous state action. By order dated September 24, 2009, this Court dismissed the complaint, concluding that, based on the Rooker-Feldman doctrine,[2] subject matter jurisdiction was lacking.

Plaintiff asks this Court to reconsider the dismissal of his complaint, alleging that he "was denied due process[,] this case has merit and certainly the ruling by the State Court was obtained

---

[2] The Rooker-Feldman doctrine arose from two cases decided by the Supreme Court of the United States – Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923) and D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983).

by intentional fraud upon the court." (Notice of Mot. for Relief Under Rule 60 (a) [&](b) 1.) The crux[3] of Plaintiff's argument appears to be that both this Court[4] and Magistrate Judge Madeline Cox Arleo have committed fraud on the court by dismissing his complaint (Mem. in Support of Notice of Mot. for Relief Pursuant to Rule 60(a) (b) [sic] Fed. R. Civ. Pro. [hereinafter "Br."] 16, 17), and that Judge Chesler's order dismissing his first complaint without prejudice serves to create subject matter jurisdiction for his second complaint (Br. 10-11). Specifically, Plaintiff states that this Court "denied [Plaintiff's] complaint as a result of intentional fraud upon [Judge Greenaway's] own court and obstruction of justice." (Br. 20.)

FED. R. CIV. P. 60(b) provides that "the court may relieve a party . . . from a final judgment, order, or proceeding for . . . (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." In order to prevail, the moving party "must establish that the adverse party engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case." Stridiron v. Stridiron, 698

---

[3] In his lengthy submissions to this Court, Plaintiff mentions other concerns, such as the erroneousness of the state court's decision and the ineffectiveness of his trial counsel, all of which were raised in Plaintiff's complaint. Plaintiff also argues that Defendant's motion to dismiss was frivolous, and that Defendant's counsel should be sanctioned for his actions in this case. These issues were previously raised in Plaintiff's opposition to the motion to dismiss, as well as other submissions made by Plaintiff. Since these matters provide no new information, they do not form the basis for this Court to reconsider the decision that subject matter is lacking in this case.

[4] Plaintiff also appears to seek this Court's spontaneous recusal from this case. Plaintiff bases this request on this Court's "appearance of partiality," as evidenced by the decision granting Defendant's motion to dismiss. (Br. 32-33, 35-37.) Ruling against a party, without more, is an insufficient basis for recusal. Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); Lewis v. Bell Atlantic/Verizon, 321 F. App'x 217, 221 (3d Cir. 2009) ("Unfavorable rulings do not form an adequate basis for recusal.").

3

F.2d 204, 206-07 (3d Cir. 1983). A motion under FED. R. CIV. P. 60(b)(3) must be made no more than one year after the entry of the judgment, order, or proceeding. FED. R. CIV. P. 60(b).

In his current motion, Plaintiff fails to satisfy this standard. Plaintiff does not provide any information demonstrating that an adverse party[5] engaged in fraud that prevented him from fully and fairly presenting his case. Rather, Plaintiff focuses on the decision made by this Court. In reaching its decision, this Court applied the Rooker-Feldman doctrine. This Court's application of a well-established legal standard does not constitute fraud.

Therefore, this Court having considered the parties' submissions, and good cause appearing,

IT IS, on this 25th day of November, 2009,

ORDERED that Plaintiff's motion seeking reconsideration (Docket Entry No. 56) is DENIED; and it is further

ORDERED that a copy of this Order be served on all parties within seven (7) days of the date of entry of this Order.

S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

---

[5] As he did in his opposition to the motion to dismiss, Plaintiff argues that Defendant's typographical error in the docket number of this case constitutes fraud. It does not. Even if a typographical error constituted fraud, Plaintiff has failed to demonstrate how this error interfered with his ability to present his case.

4